**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-23987-CIV-MARTINEZ**

YAMIR NOVAS ALVAREZ,

Petitioner,

v.

GARRETT RIPA in his official capacity as Field Office Director, Miami Field Office, U.S. Immigration and Customs Enforcement, *et al.*,

Respondents.
_____________________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Yamir Novas Alvarez's Amended Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Amended Petition"), [ECF No. 9]. On June 6, 2026, Petitioner filed his original Petition for Writ of Habeas Corpus (the "Original Petition"), [ECF No. 1], which the Court denied on July 1, 2026. ([ECF No. 6]).

On September 27, 2026, Petitioner filed a Motion for Leave to File an Amended Petition for Writ of Habeas Corpus. ([ECF No. 7]). The Court granted the Motion, [ECF No. 8], and, in accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (*See* [ECF No. 10]). Respondents filed their Response on October 5, 2026 ("Response") [ECF No. 11], and Petitioner replied on October 7, 2026 ("Reply") [ECF No. 13]. The Court has considered the briefing and the relevant law and is otherwise fully advised. For the reasons set forth herein, the Petition is **DENIED**.

## I. <u>BACKGROUND</u>

Petitioner Yamir Novas Alvarez is a native and citizen of Cuba who was paroled into the United States at or near Brownsville, Texas on September 29, 2005. (Resp. 1; R. of Deportable/Inadmissible Alien [ECF No. 11-1] 2). Petitioner has resided in the United States ever since. (Amend. Pet. ¶ 31). In February 2008, Petitioner's status was adjusted to that of Lawful Permanent Resident of the United States. (R. of Deportable/Inadmissible Alien 2).

On July 26, 2010, Petitioner was convicted in the United States District Court for the Southern District of Florida for Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute a Detectable Amount of Marijuana in violation of 21 U.S.C. § 841(a)(1). (Resp. 2; Judgment [ECF No. 11-3]). Petitioner was ordered removed to Cuba on January 9, 2014 (Order of Removal [ECF No. 1-8]), and was placed on an Order of Supervision ("OSUP") on February 6, 2014 (Order of Supervision [ECF No. 1-5]). Petitioner's OSUP contained several conditions upon which Petitioner was to be released including that he does not commit any crimes while released and does not associate himself with criminal activity. (*See* Order of Supervision).

On April 22, 2026, Petitioner was charged in Miami-Dade County, Florida with Burglary of an Occupied Structure in violation of Fla. Stat. § 810.02(3)(C), Possession of an Illegal Tank/Container in violation of Fla. Stat. § 316.80(1), Petit Theft in violation of Fla. Stat. § 812.014(2)(F), and (4) Criminal Mischief in violation of Fla. Stat. § 806.13(1)(B)2. (*See* Arrest Affidavit [ECF No. 1-6] 11). The case was nolle prossed. (*Id.* 18–19).

On May 29, 2026, Petitioner's OSUP was revoked and he was taken into U.S. Immigration and Customs Enforcement ("ICE") custody. (Detention History [ECF No. 4-6]). On this same date, ICE conducted an informal interview, during which a Deportation Officer explained to Petitioner

that his OSUP was revoked to effectuate Petitioner's removal from the United States. (Declaration of Deportation Officer Deborah Lauciello ("Lauciello Decl.") [ECF No. 4-2] ¶¶ 19–20, 24). Petitioner was given an opportunity to ask questions, but he stated that he did not have any. (*Id.* ¶ 21). Petitioner was also issued a Form I-229(a), Warning for Failure to Depart on that same day. (Warning for Failure to Depart [ECF No. 4-8]).

On June 9, 2026, Petitioner was served with a Notice of Third Country Removal to Mexico, which he did not sign. (Notice of Removal [ECF No. 4-7]). That same day, Petitioner was formally served with a Notice of Revocation of Release, stating that his OSUP was revoked because ICE determined it was appropriate to enforce the removal order against him and ICE has the means to effectuate his removal. (Notice of Revocation of Release [ECF No. 4-9]).

## II. <u>LEGAL STANDARD</u>

District courts are authorized to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). "The typical remedy for such detention is, of course, release." *Id.* (citation omitted). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (citing *Nelson v. Campbell*, 541 U.S. 637, 644 (2004)) (other citations omitted). Further, the Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law." "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

## III. DISCUSSION

The Amended Petition alleges four claims for relief, all which are renewed arguments previously outlined in his Original Petition. (*See generally* Amend. Pet.; *see generally* Pet.). As such, the Court reiterates its reasoning for denial of the Original Petition.

In the Amended Petition, Petitioner alleges that "there are sufficient grounds to refile the petition as there is no significant likelihood of removal in the reasonably foreseeable future." (Amend. Pet. ¶ 3). While Petitioner's filings are unclear as to whether he is attempting to assert a due process claim under *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), the Court addresses this argument in turn. (*Contrast* Reply 1 ("Respondent [sic] should not made to wait to file a *Zadvydas* due process, challenge, which the Government argues is premature.") *with* Reply 3 ("We are not remotely saying that this Habeas Corpus petition is a *Zadvydas* case.")).

To the extent Petitioner intends to raise a *Zadvydas* claim, that claim is premature. The Supreme Court has recognized that the presumptively reasonable period of detention for noncitizens subject to final order of removal is six months. *See Zadvydas*, 533 U.S. at 701. The Eleventh Circuit, for its part, has further explained that "to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

ICE took Petitioner into custody on May 29, 2026, (Amend. Pet. ¶ 6). At the time the Amended Petition was filed, Petitioner had been detained for 124 days. As such, his detention has not yet exceeded the presumptively reasonable period, *see Zadvydas*, 533 U.S. at 701; *Akinwale*, 287 F.3d at 1052, and any claim for relief from prolonged detention under *Zadvydas* is premature, *see, e.g., Espinoza-Sorto v. Agudelo*, No. 1:25-CV-23201, 2025 WL 3012786, at *7 (S.D. Fla. Oct.

28, 2025). For the same reason, the Court does not now need to resolve Petitioner's assertions that Respondents are unlikely to remove him in the reasonably foreseeable future. (Amend. Pet. ¶ 3).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner Yamir Novas Alvarez's Amended Petition for Writ of Habeas Corpus [ECF No. 9], is **DENIED without prejudice**. The Clerk is directed to **CLOSE** this case. Any pending motions or requests for relief are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 13 day of October 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record